# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REGIONS BANK,**

**Plaintiff,**

**-vs-**                                        **Case No.  6:15-cv-1332-Orl-CEM-DAB**

**CAMPUS DEVELOPMENTAL
RESEARCH SCHOOLS, INC. and
PRIMARY CHARTER SCHOOLS, INC.,,**

**Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:     MOTION FOR DEFAULT JUDGMENT (Doc. No. 50)**
>
> **FILED:         February 2, 2016**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, as
> premature.

> **MOTION:     MOTION FOR DEFAULT JUDGMENT (Doc. No. 51)**
>
> **FILED:         February 3, 2016**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**, as premature.

### *Background*

Plaintiff Regions Bank (herein "Regions") filed suit against Defendants Campus

Developmental Research School, Inc. ("Campus") and Primary Charter Schools, Inc. ("Primary"),

alleging breach of a Promissory Note executed by Campus (Count I) and guaranteed by Primary

(Count II) (Doc. 1).[1]  In its Answer, Primary denied the allegations of liability under Count II and cross-claimed against Campus for indemnity and contribution "if [Campus] failed to make payments to Regions Bank as required under the Note" (Doc. 17).  Campus filed its Answer, denying liability and raising affirmative defenses (Doc. 18).  Campus also answered the Cross Claim, by denying liability and raising affirmative defenses (Doc. 20).

Shortly thereafter, Campus's attorney moved to withdraw as counsel, citing irreconcilable differences (Doc. 27).  The undersigned denied the motion, noting that corporate entities cannot appear before this Court except through counsel (Doc. 29).  Following a hearing on Region's motion for sequestration of rents (Doc. 28, 33, 37), which the Court granted, in part (Doc. 38), counsel for Campus filed a Second Motion to Withdraw (Doc. 39).  The undersigned noticed the matter for hearing and ordered a corporate representative for Campus to attend "**in person**," cautioning that: "Failure to so appear may result in the imposition of sanctions, which may include the imposition of monetary sanctions and/or the striking of pleadings and entry of a default, for failure to defend." (Doc. 40).  The Court ordered counsel for this Defendant to serve a copy of the Notice on his client, and file a certificate of service forthwith, and counsel did so (Docs. 40-41).

A week prior to the hearing, on January 8, 2016, Regions filed a Motion for Summary Judgment against Campus (Doc. 42).  According to the Case Management and Scheduling Order:

> Each party opposing a motion for summary judgment shall serve, within **thirty** days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested of not more than twenty pages.

(Doc. 30).  Thus, Campus had until February 8, 2016, in which to respond to the summary judgment motion.

---

[1]A third count sought to foreclose a lien on rents.

On January 14, 2016, the Court held its hearing on the Second Motion to Withdraw (Doc. 44). No corporate representative for Campus attended.  On January 15, 2016, the Court provisionally granted the Second Motion to Withdraw, finding:

> Despite notice and a warning that failure to appear may result in the imposition of sanctions including entry of default, the corporate representative of Campus Developmental Research Schools, Inc. did not appear, as ordered, at the hearing scheduled on this motion (Doc. 40). As such, and because good cause has been otherwise shown, the motion to withdraw is **provisionally granted**, as follows. If Campus Developmental retains substitute counsel **and timely responds** (through new counsel) to the pending motion for summary judgment, it will be allowed to continue its defense of this action. If, however, the deadline passes and no timely response has been filed by new counsel, **the Court will issue a recommendation that the pleadings of Campus Developmental Research Schools, Inc. be stricken and a default be entered against it.** Mr. Gunter is relieved from any obligation to respond to the pending summary judgment motion and shall be discharged from his representation entirely upon substitution of new counsel or entry of default, as provided above. Mr. Gunter shall provide a copy of this Order to his client **forthwith.**

(Doc. 46).

No substitute counsel has appeared and no response to the motion for summary judgment has been filed as of the date of this Report.

On January 15, Regions and Primary filed a Joint Motion to Abate Action against Primary (Doc. 45).  No response to that motion was filed by Campus.  On January 27, 2016, Primary moved for summary judgment against Campus (Doc. 49).  No response has been filed to that motion, to date.

On February 2, 2016, Regions filed the instant motion for default judgment against Campus (Doc. 50).  On February 3, 2016, Primary filed its similar motion (Doc. 51).  Both motions incorrectly assert that the deadline for responding to Regions' summary judgment motion was January 25, 2016.

With an understanding of the present posture of the case, the Court reviews the instant motions and makes the following findings and recommendations.

***The instant motions***

The motions seek entry of default *judgment* against Campus for failure to comply with the Court's prior Orders.  The motions are premature in that they were filed prior to an *actual* default,[2] and prior to *entry* of any default.

The law in this circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D.Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (*citing Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D.N.Y.2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, Civil Action No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D.Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Service, Inc.*, 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011).  *See also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Once a default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b).  *Doe v. Clifford Fort Myers, LLC,* No. 2:07-cv-334-FtM-34SPC, 2008 WL 1776897, *1 (M.D. Fla. Apr. 16, 2008).  "The law is clear that these two separate steps cannot be combined into one. . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC,* No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010).  Here, as there has been no entry of clerk's default, the motions for entry of default judgment are premature.  It is therefore **respectfully recommended** that the motions be **denied, without prejudice.**

---

[2]As noted, the CMSO allows for thirty days in which to respond to a summary judgment motion.  The instant motions were filed prior to expiration of that deadline.

That said, as Charter has failed to comply with the terms of the Court's Order in that it has now failed to timely respond to the summary judgment motion, it is **respectfully recommended that its pleadings be stricken and a default be entered against it.** This does not conclude the matter, however, as the Court finds the posture of the case precludes final adjudication on the present pleadings.

### *The Motions for Summary Judgment against Campus*

The Complaint alleges a cause of action against Campus *and* against co-Defendant Primary, alleged to be jointly liable under a Guaranty.  In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).  Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.  *Cf. Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that"*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications.")  This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.,* No. 6:05-CV-136-ORL-DAB, 2007 WL 4557247 (M.D. Fla. 2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, No.

6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, *1 (M.D. Fla. July 11, 2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott*, No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137 (M.D. Fla. Aug. 6, 2008).

It is true that Primary and Plaintiff have entered into a Forbearance Agreement and, in separate motion, move the Court to abate the action against Primary on certain terms, with Regions reserving the right to seek a Final Judgment against Primary, if necessary (Doc. 45). The risk of inconsistent judgments present here is not obviated by the Forbearance Agreement, however. This motion has yet to be ruled upon. Even if the motion is granted, however, the reservation means that the claim may yet be renewed and Primary may yet pursue a defense. Thus, the risk of inconsistent adjudication is still present.

At issue, then, is how to bring this matter to a full and final conclusion. As explained above, absent any indication that entry of final judgment **solely** against Campus is necessary or appropriate at this point, the Court recommends against proceeding in piecemeal fashion. *See* Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay."). In view of the cooperation that appears evident between Regions and Primary, the better course is for remaining counsel to confer regarding whether a stipulation can be reached with respect to all issues between them. Assuming Regions and Primary can arrive at an agreement, a single motion for entry of final judgment as to all claims (including the cross claim) may be filed. If no agreement can be reached, final judgment against Campus must await final adjudication of Regions' claim against Primary in the usual course. It is therefore **further recommended** that the motions for summary judgment (Docs. 42 and 49) be **denied, without prejudice** to the filing of a single motion for entry

of final judgment on all claims made by any party in this action or, if necessary, final adjudication of all claims by other means.

*Conclusion*

For the reasons set forth above, it is **respectfully recommended** that:

1.  The motions for entry of default judgment (Docs. 50, 51) be **denied, without prejudice.**

2.  The Court **strike** the Answer of Campus and direct the Clerk to enter a default against it.

3.   The motions for summary judgment (Docs. 42 and 49) be **denied, without prejudice** to the filing of a single motion for entry of final judgment on all claims made by any party in this action, or, if necessary, final adjudication of all claims by other means.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on February 11, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy