# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REGIONS BANK,**

$\qquad\qquad$ **Plaintiff,**

**-vs-** $\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **Case No.  6:15-cv-1332-Orl-DAB**

**CAMPUS DEVELOPMENTAL
RESEARCH SCHOOLS, INC. and
PRIMARY CHARTER SCHOOLS, INC.,,**

$\qquad\qquad$ **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 56)** |
| **FILED:** | **June 24, 2016** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part. |

### *Background*

Plaintiff Regions Bank (herein "Regions") filed suit against Defendants Campus Developmental Research School, Inc. ("Campus") and Primary Charter Schools, Inc. ("Primary"), alleging breach of a Promissory Note executed by Campus (Count I) and guaranteed by Primary (Count II) (Doc. 1).[1]  In its Answer, Primary denied the allegations of liability under Count II and cross-claimed against Campus for indemnity and contribution "if [Campus] failed to make payments

_____

[1] A third count sought to foreclose a lien on rents.

to Regions Bank as required under the Note" (Doc. 17).  Campus filed its Answer, denying liability

and raising affirmative defenses (Doc. 18).  Campus also answered the Cross Claim, by denying

liability and raising affirmative defenses (Doc. 20).

Shortly thereafter, Campus's attorney moved to withdraw as counsel, citing irreconcilable

differences (Doc. 27).  The undersigned denied the motion, noting that corporate entities cannot

appear before this Court except through counsel (Doc. 29).  Following a hearing on Region's motion

for sequestration of rents (Doc. 28, 33, 37), which the Court granted, in part (Doc. 38), counsel for

Campus filed a Second Motion to Withdraw (Doc. 39).  The undersigned noticed the matter for

hearing and ordered a corporate representative for Campus to attend "**in person**," cautioning that:

"Failure to so appear may result in the imposition of sanctions, which may include the imposition of

monetary sanctions and/or the striking of pleadings and entry of a default, for failure to defend." (Doc.

40).  The Court ordered counsel for this Defendant to serve a copy of the Notice on his client, and file

a certificate of service forthwith, and counsel did so (Docs. 40-41).

A week prior to the hearing, on January 8, 2016, Regions filed a Motion for Summary

Judgment against Campus (Doc. 42).  According to the Case Management and Scheduling Order:

> Each party opposing a motion for summary judgment shall serve, within **thirty** days
> after being served with such motion, a legal memorandum with citation of authorities
> in opposition to the relief requested of not more than twenty pages.

(Doc. 30).  Thus, Campus had until February 8, 2016, in which to respond to the summary judgment

motion.

On January 14, 2016, the Court held its hearing on the Second Motion to Withdraw (Doc. 44).

No corporate representative for Campus attended.  On January 15, 2016, the Court provisionally

granted the Second Motion to Withdraw, finding:

> Despite notice and a warning that failure to appear may result in the imposition of
> sanctions including entry of default, the corporate representative of Campus
> Developmental Research Schools, Inc. did not appear, as ordered, at the hearing

scheduled on this motion (Doc. 40). As such, and because good cause has been otherwise shown, the motion to withdraw is **provisionally granted**, as follows. If Campus Developmental retains substitute counsel **and timely responds** (through new counsel) to the pending motion for summary judgment, it will be allowed to continue its defense of this action. If, however, the deadline passes and no timely response has been filed by new counsel, **the Court will issue a recommendation that the pleadings of Campus Developmental Research Schools, Inc. be stricken and a default be entered against it.** Mr. Gunter is relieved from any obligation to respond to the pending summary judgment motion and shall be discharged from his representation entirely upon substitution of new counsel or entry of default, as provided above. Mr. Gunter shall provide a copy of this Order to his client **forthwith.**

(Doc. 46).

No substitute counsel appeared and no response to the motion for summary judgment was filed.

On January 15, Regions and Primary filed a Joint Motion to Abate Action against Primary (Doc. 45). No response to that motion was filed by Campus. On January 27, 2016, Primary moved for summary judgment against Campus (Doc. 49). No response was filed to that motion.

On February 2, 2016, Regions filed a motion for default judgment against Campus (Doc. 50). On February 3, 2016, Primary filed a similar motion (Doc. 51). On February 11, 2016, the undersigned issued a Report and Recommendation that both motions be denied, as premature,[2] but recommended that Charter's pleadings be stricken and a default be entered against it, for failure to comply with the terms of the Court's Order (Doc. 52). The undersigned further recommended denial of the motions for summary judgment, without prejudice to the filing of a single motion for entry of final judgment on all claims made by any party in this action, or, if necessary, final adjudication of all claims by other means. *Id.* The recommendation was based on concerns regarding the possibility of inconsistent judgments.[3]

---

[2] The motions for default judgment were brought prior to entry of any default.

[3] In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).

On May 27, 2016, the District Judge adopted the recommendations and denied, without prejudice, the motions for summary judgment (Doc. 42, 49) and the motions for default judgment (Docs. 50, 51); ordered the Answer of Campus stricken and directed the Clerk to enter default against it; and allowed: "A single motion for entry of final judgment on all claims made by any party in this action or, if necessary, for final adjudication of all claims by other means may be filed on or before June 24, 2016. Therein, the parties shall also advise the Court to what extent they continue to seek the relief requested in the Joint Motion to Abate (Doc. 45)." (Doc. 53).  The Clerk entered default against Campus (Doc. 54) and, on June 24th, Regions and Primary jointly moved for an Order abating the action against Primary only (Doc. 55). On July 6, 2016, the District Judge considered the renewed motion to abate the action (Doc. 58), and noted:

> Plaintiff and Primary Charter Schools, Inc. ("Primary") have entered into a forbearance agreement, which requires Primary to fulfill certain obligations and which expires on June 30, 2017. The forebearance agreement further provides that, if Primary defaults under any of the terms of the agreement, Primary will not contest or otherwise oppose the immediate entry of a final judgment in Plaintiff's favor. Therefore, Plaintiff and Primary request that this action be stayed as to Primary until June 30, 2017.

Finding this to be an extraordinary circumstance, and noting the specific length of time involved, the Court granted the renewed motion to abate and stayed the case, as to Primary, until June 30, 2017 (Doc. 58).

Regions filed the instant renewed motion for entry of default judgment against Campus, and the motion was referred to the undersigned.  The instant motion is supported by the Affidavits of Glenn Jensen (with exhibits) (Doc. 56-1) and Bryan Cheek (with exhibits) (Doc. 57). Having obtained a clerk's default against Campus and eliminated the Court's prior concern regarding inconsistent judgments,[4] Plaintiff claims that there are now no issues in dispute and Regions is entitled to final

---

[4] Th instant motion notes a stipulation with respect to all issues between Regions and Primary, including a specific stipulation that Regions shall be entitled to the entry of a final judgment against Primary upon the filing of an affidavit of default, together with the Judgment Stipulation, which is currently held in trust by Regions' undersigned counsel.  It is represented that  Regions and Primary have stipulated and agreed that the stipulated judgment against Primary shall be identical to the judgment obtained by Regions against Campus, thus avoiding any potential risk of inconsistent judgments

judgment by default against Campus for the damages sought in the Complaint [Doc. 1], plus additional accrued but unpaid interest, all as set forth in the affidavits. Specifically, Regions seeks "the principal balance in the amount of $1,170,009.28, plus accrued but unpaid interest in the amount of $48,757.60 through June 22, 2016,3 prepayment penalty fees in the amount of $22,761.04, appraisal fees of $4,200.00 and late fees in the amount of $9,478.37, for a total amount due on the Note in the amount of $1,255,206.29 as of June 22, 2016, plus per diem default rate of interest of $217.75 accruing thereafter through the date of the entry of the default judgment. See Cheek Affidavit at ¶ 15." (Doc. 56). Further, Regions claims it is entitled to collect, as a matter of law, costs and reasonable attorneys' fees incident to the collection of the indebtedness, in the amount of $65,100.51 in attorneys' fees and $2,356.97 in costs. No response has been filed to the motion. For the following reasons, it is **respectfully recommended** that the motion be **granted, in part, as set forth herein.**

### Standards of Law

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed.R.Civ.P. 55(b)(2). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

"In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, No. 5:06-CV-057, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (*citing Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). A defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. *See Anheuser*

---

in this action. (Doc. 56).

*Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters ...."). Moreover, "A default judgment must not differ in kind from ... what is demanded in the pleadings." Fed.R.Civ.P. 54(c).

*Analysis*

By reason of the default, Campus admits all of the following well pled allegations:

• 10. On or about March 31, 2014, [Campus] executed and delivered to Regions a Promissory Note in the principal amount of $1,249,594.98 (the "Renewal Note").

• 11. Regions is the owner and holder of the Note.

• 12. [Campus] defaulted under the Note by failing to pay to Regions the monthly payments which became due on April 1, 2015 and on May 1, 2015 within ten ( 10) days after Regions' written demand (the "Defaults") on May 7, 2015.

• 13. Due to the Defaults of [Campus] under the Note, Regions has elected and does now elect to accelerate and declare immediately due and owing the entire unpaid balance together with accrued interest, and late charges due and owing under the Note.

• 14. There is now due and owing to Regions from [Campus], the principal balance in the amount of $1,180,007.89, plus interest in the amount of $13,191.75 through August 10, 2015, prepayment penalty fees in the amount of $23,426.60, and late fees in the amount of $4,479.07, for a total amount due on the Note in the amount of $1,219,568.02 as of August 10, 2015, plus per diem default rate of interest of $219.61 accruing thereafter.

• 7. Regions has retained the undersigned counsel and has obligated itself to pay its attorneys a reasonable fee for their services rendered on its behalf, which the Defendants are liable for pursuant to the terms and conditions of the documents attached hereto.

• 15. Although demand has been made upon [Campus] to pay the amounts due and owing on the Note, [Campus] has failed to pay and continues to fail to do so.

(Doc. 1, ¶¶7,10-15).[5]

These allegations are sufficient to establish liability on the Note, in the amounts pled.  The amounts sought in the motion, however, differ from the amounts pled.  According to the sworn declaration of Bryan L. Cheek, Senior Vice-President at Regions:

> There is *now* due and owing to Regions from [Campus], the principal balance in the amount of $1,170,009.28, plus accrued but unpaid interest in the amount of $48,757.60 through June 22, 2016, prepayment penalty fees in the amount of $22,761.04, appraisal fees of $4,200.00 and late fees in the amount of $9,478.37, for a total amount due on the Note in the amount of $1,255,206.29 as of June 22, 2016, plus per diem default rate of interest of $217.75 accruing thereafter through the date of the entry of the default judgment.

(Doc. 57-1, emphasis added).  The Affidavit is uncontested and is sufficient evidence as to the amount presently due on the Note and the per diem rate of interest and fees.[6]

As alleged in the Complaint, the terms of the Note provide for recovery of reasonable attorneys' fees, expenses and costs.[7]  In Affidavit, Region's attorney, W. Glenn Jensen, states that the following amounts were incurred in connection with the collection efforts against the Note:

W. Glenn Jensen, Esq. 64.8 hours @ $346.50 per hour = $22,453.21

Eric F. Werrenrath, Esq. 177.4 hours @ $203.00 per hour = $36,012.20

Larry Gonzalez, Esq. 21.3 hours @ $164.50 per hour = $3,503.85

Mychal Katz, Esq. 0.8 hours @ $220.50 per hour = $176.40

Connie Gibson (paralegal) 3.2 hours @ $140.00 per hour = $448.00

Alana Frustaci (paralegal) 19.1 hours @ $131.25 per hour = $2,506.88

---

[5]The Complaint attaches copies of the Note and related documents, which are incorporated into the Complaint by reference.

[6]The Court observes that the per diem is actually less than that pled.

[7]The Note provides, in relevant part: "ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note. If Borrower does not pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or Injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law." (Doc. 1-1).

Total Fees: $65,100.51

In support of these rates and charges, Regions attaches billing statements and time sheets, as well as biographical information on the background and qualifications of attorneys Jensen, Werrenrath, and Katz. No information is provided for Mr. Gonzalez or either paralegal.

Federal courts apply the "lodestar" method for calculating attorneys' fees, multiplying a reasonable hourly rate by a reasonable number of hours expended. *See  Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1994); *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (*citing Blum*, 465 U.S. at 895-96 n. 11).

In determining what is a reasonable, this Court is mindful of the factors identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),[8] namely:  (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F. 2d at 1303.  An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's

---

[8]*Johnson* was overruled on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Upon review, while the total amount appears high for a collection action on default, the Court observes the complicated history of this case, including the appearance and withdrawal of counsel for Campus, and concludes that this case warranted a higher than usual amount of lawyering to bring it to a successful conclusion. That said, the billing sheets are redacted and some of the entries are too vague to evaluate. Too, the use of four attorneys likely resulted in some degree of duplication of duties. The Court finds a 10% reduction in the amount of total hours to be appropriate.

As for rates, Regions does not provide any biographical information for Mr. Gonzalez sufficient to evaluate his rate, and there is no support for paralegal charges in excess of $100 per hour. Thus, the Court reduces the rate for Mr. Gonzalez to $150 an hour, a rate deemed in the Court's experience to be appropriate for a new lawyer without experience in this area, and limits the paralegals to $100 per hour. The rates for the remaining counsel are consistent with that charged for complex federal litigation in this community.

As such, the Court calculates a reasonable fee as follows:

W. Glenn Jensen, Esq. 64.8 hours - 10% = 58.3 hours @ $346.50 per hour = $20,207.88

Eric F. Werrenrath, Esq. 177.4 hours - 10% = 159.66 hours @ $203.00 per hour = $32,410.98

Larry Gonzalez, Esq. 21.3 hours - 10% =19.17 hours @ $164.50 per hour = $3,153.46

Mychal Katz, Esq. 0.8 hours - 10% =.72 @ $220.50 per hour = $158.76

Connie Gibson (paralegal) 3.2 hours -10%= 2.88 hours @ $100.00 per hour = $288.00

Alana Frustaci (paralegal) 19.1 hours - 10% =17.19 hours @ $100.00 per hour = $1,719.00

**Total Fees**: $57,938.08.  The Court finds this amount to be consistent with the applicable law and reasonable, under the circumstances of this case, and recommends an award of same be included in the default judgment.

Regions claims costs as follows:

Filing Fees $451.00

Copies Charges $91.49

Process Server Fees $244.60

Deposition Transcript Fees: $1,569.88

Total Costs: $2,356.97

The Court finds these costs to be appropriate and reasonable, and recommends an award of same.

### Conclusion

By virtue of the default, Regions is entitled to entry of default judgment against Campus in the following amounts:  a total amount due on the Note in the amount of $1,255,206.29 as of June 22, 2016, plus per diem default rate of interest of $217.75 accruing thereafter through the date of the entry of the default judgment; reasonable attorney's fees in the amount of $57,938.08, and costs in the amount of $2,356.97.  It is **respectfully recommended** that the motion be **granted, in part,** and default judgment be entered in Regions' favor and against Campus accordingly.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 8, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy